UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS D'ANDREA,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON COUNTY,<br><br>    Defendant. | Civil No. 14-3139 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 2. The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff appears to bring a civil rights action against Washington County, asserting federal jurisdiction on the basis that Plaintiff "went to jail for something [he] did not do." Compl. ¶ 4, ECF No. 1. Plaintiff seeks a judgment awarding him damages is the amount of $ 2,100,000.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the

named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Based on attached state court documents, Plaintiff appears to be challenging a 2007 charge for theft of a motor vehicle. The substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> I received a confidential, hand-written statement one week after my release stating that I did not do the crime. This statement was declared by the Court before I was sentenced.

ECF No. 1 ¶ 7.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), the above two sentences of factual allegations fail to state any actionable claim for relief. Because Plaintiff's complaint does not set forth sufficient allegations to state a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

It is unclear from the complaint whether Plaintiff was convicted of the alleged car

theft, although he does refer to a "sentencing." ECF No. 1 ¶ 7. Accordingly, the Court notes that, to the extent Plaintiff is attempting to challenge a state court conviction in a federal civil rights action, the complaint fails because such claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994). In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits an individual from challenging a state criminal conviction in a federal civil rights action:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, <u>or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid</u>..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... <u>[T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.</u>

Id. at 486-87 (footnote omitted; emphasis added).

According to Heck, habeas corpus is the exclusive means by which a person convicted of a state criminal offense can challenge the validity of his conviction in federal court. Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483; see also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release."). Here, Plaintiff references an allegedly false statement that caused him to go "to jail for something I did not do." ECF No. 1 ¶ 4, 7. It is therefore clear that Plaintiff's current claim seeks vindication for an alleged "unconstitutional conviction or

imprisonment" and is clearly barred by Heck.  See Gautreaux v. Sanders, 395 Fed.Appx. 311, 312 (8th Cir. 2010) (unpublished opinion) (Heck barred civil rights claims based on allegations of an invalid arrest warrant and alteration of records used to secure claimant's criminal conviction); Williams v. Schario, 93 F.3d 527, 529 (8th Cir.1996) (per curiam) (Heck barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) (Heck barred claims that police officers lacked probable cause for arrest and brought unfounded criminal charges).[1]

Finally, the Court recommends that this case be dismissed without prejudice so that Plaintiff will still be able to pursue his present civil rights claims if the supposed 2007 state criminal conviction is ever overturned.  Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff's current civil rights claims will become ripe, and the statute of limitations for bringing those claims will begin to run, only when the conviction at issue is vacated.  See Heck, 512 U.S. at 489-90 ("Under our analysis the statute of limitations poses no difficulty..., since the § 1983 claim has not yet arisen.  Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in

---

[1] It appears from the complaint that Plaintiff is not eligible to seek habeas relief as he is no longer in custody. However, even though Plaintiff is ineligible for federal habeas corpus relief under 28 U.S.C. § 2254, his present lawsuit is still barred by Heck.  See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) ("'the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated'"), cert denied, 552 U.S. 1285 (2008), quoting Heck, 512 U.S. at 490 n. 10; see also Abdullah v. Minnesota, 261 Fed.Appx. 926, 927, (8th Cir. 2008), (claimant's "inability to obtain habeas relief does not preclude application of Heck").

the plaintiff's favor,... so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

In sum, the Court concludes, based on a failure to allege sufficient facts and the principles set forth in Heck, that Plaintiff has failed to state a cause of action on which relief can be granted. The Court therefore recommends that this action be summarily dismissed without prejudice, and that Plaintiff's IFP application be denied, pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Docket No. 2), be DENIED; and

2. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 14, 2014                                    *s/Franklin L. Noel*
                                                          Franklin L. Noel
                                                          United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 29, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply

with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.